**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| In re: | § | Chapter 11 |
|  | § |  |
| UBS Associates, LLC, | § | Case No.  26-10564-PMM |
|  | § |  |
| Debtor. | § | **Hearing Date: July 7, 2026, at 11:00 a.m.** |
|  | § |  |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S
SUBCHAPTER V PLAN OF REORGANIZATION**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("U.S. Trustee"), by and

through his undersigned counsel, hereby objects (this "Objection") to confirmation of the

Subchapter V Plan of Reorganization (ECF No. 53) (the "Plan") filed by UBS Associates, LLC

(the "Debtor"). In support of this Objection, the U.S. Trustee states as follows:

**JURISDICTION**

1.      This Court has jurisdiction to hear and determine this Objection.

2.      The U.S. Trustee is charged with overseeing the administration of chapter 11 cases

filed in this judicial district, pursuant to 28 U.S.C. § 586. This duty is part of the U.S. Trustee's

overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted

by the courts to guard against abuse and over-reaching to assure fairness in the process and

adherence to the provisions of the Bankruptcy Code. See In re United Artists Theatre Co., 315 F.3d

217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the

public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy

proceedings."); United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),

33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties

to protect the public interest . . . that the Trustee has standing to attempt to prevent circumvention

1

of that responsibility."); <u>Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)</u>, 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

3.      Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment on such plans and disclosure statements.

4.      Under § 307 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), the U.S. Trustee has standing to be heard on the issues presented by the Debtor's Plan.

## BACKGROUND

### *Debtor's Chapter 11 Case*

5.      On February 12, 2026 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief under Subchapter V of title 11 of the Bankruptcy Code. ECF No. 1.

6.      Upon information and belief, since the Petition Date, the Debtor has remained in possession of its property and management of its affairs pursuant to § 1184 of the Bankruptcy Code.

7.      On March 17, 2026, the U.S. Trustee appointed Holly Smith Miller as the Subchapter V trustee in this case. <u>See</u> ECF No. 32.

8.      The Debtor's Schedule A/B includes $18,000 in cash and various equipment and vehicles with "unknown" values.  <u>See</u> ECF No. 36.

9.      The Debtor's Schedule D discloses thirty-six secured creditors holding liens in the aggregate amount of $813,109.00 on vehicles and equipment. <u>Id</u>., Schedule D.

10.      The Debtor's Schedule E/F shows that the Debtor has no priority creditors and ten unsecured creditors holding claims in the aggregate amount of $357,000. <u>Id</u>., Schedule E/F.

11.     The Debtor's Schedule G shows that it has two executory contracts and unexpired leases for equipment. Id., Schedule G.

12.     To date, the Debtor has filed two monthly operating reports ("MORs") since the Petition Date, for February 2026 and March 2026.  See ECF Nos. 35, 52. Each of the MORs shows that the Debtor has operated and generated $23,044.38 in net cash flow in February 2026 and $9,902.70 in net cash flow in March 2026.  Id.

### Claims Register

13.     On April 3, 2026, the Court entered an order setting May 5, 2026, as the general bar date (the "Bar Date"). ECF No. 46.

14.     To date, the Claims Register contains thirty-three timely-filed claims and one untimely filed claim in the aggregate amount of $1,675,275.29.  See Claims Register, Claim Nos. 1-34.

### Debtor's Chapter 11 Plan

15.     On May 13, 2026, the Debtor filed the Plan. See ECF No. 53. The Plan indicates that the Debtor will fund the Plan through operations.  Id.  The Debtor's "Exhibit A" is identified as the "Payment Schedule" indicating the Debtor will devote $2,619 of disposable income per month over sixty months to cure the post-petition arrears to the following secured creditors: Ally Bank; GM Finance; First Citizens; PNC Bank; and Wells Fargo Vehicle Loans and Equipment Leases, and to pay Subchapter V trustee fees and attorney fees.  The Plan states that the Debtor will not pay any general unsecured claims. Id.  The Plan includes Exhibit B, which purports to demonstrate the Debtor has monthly disposable income of $5,975.24.  Id. at 53-1 (Exhibit A), 53-2 (Exhibit B).  The Plan does not include a Liquidation Analysis and does not contain information concerning the Debtor's assets.

16.     On May 14, 2026, the Court entered an order scheduling the confirmation hearing for July 7, 2026, at 11:00 a.m. and setting related deadlines. See ECF No. 55.

**OBJECTION**

17.     The U.S. Trustee objects to confirmation of the Plan because the Debtor cannot carry its burden of demonstrating that the Plan complies with the applicable provisions for confirmation of a Subchapter V bankruptcy plan. In re Walker, 628 B.R. 9, 18 (Bankr. E.D. Pa. 2021) ("To obtain confirmation of the Plan under chapter 11 of the Bankruptcy Code, the Debtor has the burden of proving that the plan satisfies all the confirmation requirements of the Bankruptcy Code.").

18.     Although a separate disclosure statement is not required in Subchapter V cases, the bankruptcy plan must contain information that is typically included in the disclosure statement. Specifically, Bankruptcy Code § 1190 provides, in part, that "[a] plan filed under this subchapter – (1) *shall include* – (A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization[.]" 11 U.S.C. § 1190(1) (emphasis added).

A.     **The Plan is Unconfirmable Under Section 1191(a).**

19.     The Debtor seeks to confirm its Plan under section 1191(a) as a consensual Plan. See Plan. Section 1191(a) states that "[t]he Court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a) . . . of this title are met." 11 U.S.C. § 1191(a).  A plan confirmed under section 1191(a) requires that the Debtor meet each of the requirements of section 1129(a) except for subsection 15.  Id.  Section 1129(a)(8) requires that each class of claims either accepts the plan or is not impaired under the plan.  11 U.S.C. § 1129(a)(8).

20.     Here, the Plan proposes to pay Class 3 claims, general unsecured claims, $0.  <u>See</u> <u>Plan</u>.  The holders of Claims in Class 3 are conclusively deemed to have rejected the Plan pursuant to section1126(g)[1] of the Bankruptcy Code.  The Plan does not satisfy section 1129(a)(8) because Class 3 is deemed to reject the Plan.  Thus, the Plan is not confirmable under section 1191(a).

21.     The Debtor fails to provide any language concerning confirmation under section 1191(b), including whether the Debtor or Subchapter V trustee will make distributions under the Plan.

**B.      The Plan Fails to Provide Sufficient Contents.**

22.     Confirmation of a chapter 11 plan requires the Debtor satisfy all requirements of § 1129(a). <u>See In re Chadda</u>, 2007 WL 3407375 *4 (Bankr. E.D. Pa. Nov. 9, 2007); <u>see also</u> <u>Matter of Greate Bay Hotel & Casino, Inc.</u>, 251 B.R. 213, 220-21 (Bankr. D.N.J. 2000). Even where there are no objections to a plan, a court must find that the debtor fulfilled the requirements of § 1129(a). <u>In re Friese</u>, 103 B.R. 90, 91 (Bankr. S.D.N.Y. 1989). The plan proponent "bears the burdens of both introduction of evidence and persuasion that each subsection of section 1129(a) has been satisfied." <u>In re Smith</u>, 357 B.R. 60, 66 (Bankr. M.D.N.C. 2006) (quoting 7 Collier on Bankruptcy ¶ 1129.02 [4] (15th ed. rev. 2006)).

23.     Confirmation of a Subchapter V plan is governed by a combination of certain subsections of §§ 1129 and 1191. Section 1191(a) provides that:

> The court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met.

---

[1] Section 1126(g) states :"[n]otwithstanding any other provision of this section, a class is deemed not to have accepted a plan if such plan provides that the claims or interests of such class do not entitle the holders of such claims or interests to receive or retain any property under the plan on account of such claims or interests."  11 U.S.C. § 1126(g).

See 11 U.S.C. § 1191(a).[2]

24.     When compared against these requirements, the Plan fails to provide sufficient contents, and with that confirmation must be denied.

**1.     The Plan Fails to Classify and Treat All Timely-Filed Claims.**

25.     Under 11 U.S.C. §§ 1123(a)(1), the Debtor must designate classes of claims, other than claims listed in sections 507(a)(2), 507(a)(3), or 507(a)(8), and classes of interests.  Under 11 U.S.C. §§ 1123(a)(2), (3), (4), the Debtor must indicate whether the classes are unimpaired or impaired, treatment thereof and the source of funds used to pay claims.

26.     Here, the Debtor has not classified nor treated all of the timely-filed secured claims in the aggregate amount of $832,663.70.  See Claims Register, Claim Nos. 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 17, 18, 21, 26, 27, 28, 31, 32, and 33.  The Plan proposes to repay the "post-petition arrears" of some secured creditors.  The Plan does not identify, classify nor treat pre-petition arrears, if any, and the loans of secured creditors.  The Debtor has also not indicated whether these claims are unimpaired or impaired.

27.     The Debtor has also failed to classify and treat the equipment leases disclosed on Schedule G.  The Plan should not be confirmed until amended in compliance with sections 1123(a)(1)-(3) and 1129(a)(1).

**2.   The Plan Does Not Comply with Section 1190.**

28.     The Debtor's Exhibit B reflects the Debtor's projected income and expenses per construction job for March 2026, to purportedly demonstrate it can afford its proposed monthly Plan payment of $2,619.  Id.

---

[2] Also, §§ 1129(b), 1129(c), and 1129(e) do not apply under subchapter V. See 11 U.S.C. § 1181(a).

6

29.     The Plan lacks cash flow projections for the anticipated lifetime of the Plan to demonstrate feasibility.  11 U.S.C. § 1190(1)(c).

30.     Despite referencing an Exhibit C, the Plan does not include a Liquidation Analysis and does not contain information concerning the Debtor's assets.  11 U.S.C. § 1190(b).

**3.      The Plan Fails to Identify Insiders.**

31.     Under section 1129(a)(5)(B), the Debtor must disclose any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation.  11 U.S.C. § 1129(a)(5)(B). The Plan does not disclose whether the Debtor's sole member, Jonathan Billiard, will have a role in the reorganized debtor and his proposed compensation.  The Plan is not confirmable because the Debtor has not complied with section 1129(a)(5).

**4.      Debtor Cannot Satisfy Its Burden Due To Its Failure To File The MORs.**

32.     Monthly Operating Reports ("MOR") provide vital information including cash on hand and are essential to understanding the Debtor's financials.  Because the April 2026 and May 2026 MORs have not been filed, the Debtor's current cash position is unknown.  Moreover, because the Debtor's most recent MORs have not been filed, recent financial activity cannot be reviewed against the financial projections.  The Debtor simply cannot satisfy its burden of demonstrating that the Plan satisfies all the confirmation requirements of the Bankruptcy Code, including those set forth in section 1190, due to its failure to file the April and May 2026 MOR, which are past due.

### CONCLUSION

33.     As detailed above, the Plan cannot be confirmed because it does not identify, classify and treat all claims, does not include a liquidation analysis and cash flow projection, and cannot demonstrate that the Plan is feasible.

34. The U.S. Trustee leaves the Debtor to its burden and reserves any and all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny confirmation of the Plan and grant such other relief as the Court deems just and proper.

Dated: June 30, 2026

Respectfully submitted,

ANDREW R. VARA,
UNITED STATES TRUSTEE,
REGIONS 3 & 9

By: /s/ *Rachel Wolf*
Rachel Wolf, Trial Attorney
Office of The United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102
Phone: (973) 645-3014
Rachel.Wolf@usdoj.gov