**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| UBS Associates, LLC, | § | Case No. 26-10564-PMM |
| | § | |
| Debtor. | § | **Hearing Date: August 25, 2026, at 11:00** |
| | § | **a.m.** |

**OBJECTION OF THE UNITED STATES TRUSTEE TO DEBTOR'S AMENDED SUBCHAPTER V PLAN OF REORGANIZATION**

Andrew R. Vara, the United States Trustee for Regions 3 & 9 ("U.S. Trustee"), by and through his undersigned counsel, hereby objects (this "Objection") to confirmation of the Amended Subchapter V Plan of Reorganization (ECF No. 75) (the "Amended Plan") filed by UBS Associates, LLC (the "Debtor"). In support of this Objection, the U.S. Trustee states as follows:

**JURISDICTION**

1. This Court has jurisdiction to hear and determine this Objection.

2. The U.S. Trustee is charged with overseeing the administration of chapter 11 cases filed in this judicial district, pursuant to 28 U.S.C. § 586. This duty is part of the U.S. Trustee's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts to guard against abuse and over-reaching to assure fairness in the process and adherence to the provisions of the Bankruptcy Code. See In re United Artists Theatre Co., 315 F.3d 217, 225 (3d Cir. 2003) ("U.S. Trustees are officers of the Department of Justice who protect the public interest by aiding bankruptcy judges in monitoring certain aspects of bankruptcy proceedings."); United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.), 33 F.3d 294, 298 (3d Cir. 1994) ("It is precisely because the statute gives the U.S. Trustee duties

to protect the public interest . . . that the Trustee has standing to attempt to prevent circumvention of that responsibility."); Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.), 898 F.2d 498, 499 (6th Cir. 1990) ("As Congress has stated, the U.S. trustees are responsible for protecting the public interest and ensuring that the bankruptcy cases are conducted according to [the] law").

3. Pursuant to 28 U.S.C. § 586(a)(3)(B), the U.S. Trustee has the duty to monitor plans and disclosure statements filed in Chapter 11 cases and to comment on such plans and disclosure statements.

4. Under § 307 of title 11 of the United States Code (the "Bankruptcy Code" or "Code"), the U.S. Trustee has standing to be heard on the issues presented by the Debtor's Amended Plan.

## BACKGROUND

### *Debtor's Chapter 11 Case*

5. On February 12, 2026 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Subchapter V of title 11 of the Bankruptcy Code. ECF No. 1.

6. Upon information and belief, since the Petition Date, the Debtor has remained in possession of its property and management of its affairs pursuant to § 1184 of the Bankruptcy Code.

7. On March 17, 2026, the U.S. Trustee appointed Holly Smith Miller as the Subchapter V trustee in this case. See ECF No. 32.

8. The Debtor's Schedule A/B includes $18,000 in cash and various equipment and vehicles with "unknown" values. See ECF No. 36.

9. The Debtor's Schedule D discloses thirty-six secured creditors holding liens in the aggregate amount of $813,109.00 on vehicles and equipment. Id., Schedule D.

10. The Debtor's Schedule E/F shows that the Debtor has no priority creditors and ten unsecured creditors holding claims in the aggregate amount of $357,000. Id., Schedule E/F.

11. The Debtor's Schedule G shows that it has two executory contracts and unexpired leases for equipment. Id., Schedule G.

12. To date, the Debtor has filed five monthly operating reports ("MORs") since the Petition Date. See ECF Nos. 35, 52, 70, 71, 76. The June 2026 MORs shows that the Debtor has operated and generated $7,369.58 in net cash flow, has $31,848.11 in cash on hand as of June 30, 2026, and has approximately $144,000 in accounts receivable. ECF No. 76.

***13.*** On May 13, 2026, the Debtor filed a Chapter 11 Plan. See ECF No. 53. On July 26, 2026, the U.S. Trustee filed an objection to confirmation. See ECF No. 64. The confirmation hearing of the Plan was cancelled. See ECF No. 72.

***Claims Register***

14. On April 3, 2026, the Court entered an order setting May 5, 2026, as the general bar date (the "Bar Date"). ECF No. 46. The Court has not entered an order setting a government bar date. See Docket.

15. To date, the Claims Register contains thirty-four timely-filed claims and one untimely filed claim in the aggregate amount of $1,678,924.01. See Claims Register, Claim Nos. 1-35.

***Debtor's Amended Chapter 11 Plan***

16. On July 15, 2026, the Debtor filed the Amended Plan. See ECF No. 75. The Amended Plan indicates that the Debtor will fund Amended Plan payments from operations. Id. The Debtor's "Exhibit A" is identified as the "Payment Schedule" indicating the Debtor will devote $1,552 of disposable income per month over sixty months to cure the post-petition arrears

to the following secured creditors: Ally Bank; GM Finance; PNC Bank; and Wells Fargo Vehicle Loans and Equipment Leases, Huntington National Bank. The Debtor will also devote $334 per month to pay Subchapter V trustee fees and attorney fees. The Amended Plan further states that the Debtor will pay any general unsecured creditors 10% of their claims. Id. The Amended Plan includes Exhibit B, which shows the Debtor has monthly disposable income averaging $2,250 per month. Id. at 75-2. The Amended Plan includes a Liquidation Analysis that does not list all assets, including significant accounts receivable.

17. On July 7, 2026, the Court entered an order scheduling the confirmation hearing for August 28, 2026, at 11:00 a.m. and setting related deadlines. See ECF No. 72.

**OBJECTION**

18. The U.S. Trustee objects to confirmation of the Amended Plan because the Debtor cannot carry its burden of demonstrating that the Amended Plan complies with the applicable provisions for confirmation of a Subchapter V bankruptcy plan. In re Walker, 628 B.R. 9, 18 (Bankr. E.D. Pa. 2021) ("To obtain confirmation of the Plan under chapter 11 of the Bankruptcy Code, the Debtor has the burden of proving that the plan satisfies all the confirmation requirements of the Bankruptcy Code.").

19. Although a separate disclosure statement is not required in Subchapter V cases, the bankruptcy plan must contain information that is typically included in the disclosure statement. Specifically, Bankruptcy Code § 1190 provides, in part, that "[a] plan filed under this subchapter – (1) *shall include* – (A) a brief history of the business operations of the debtor; (B) a liquidation analysis; and (C) projections with respect to the ability of the debtor to make payments under the proposed plan of reorganization[.]" 11 U.S.C. § 1190(1) (emphasis added).

**A. The Amended Plan Fails to Provide Sufficient Contents.**

20. Confirmation of a chapter 11 plan requires the Debtor satisfy all requirements of § 1129(a). See In re Chadda, 2007 WL 3407375 *4 (Bankr. E.D. Pa. Nov. 9, 2007); see also Matter of Greate Bay Hotel & Casino, Inc., 251 B.R. 213, 220-21 (Bankr. D.N.J. 2000). Even where there are no objections to a plan, a court must find that the debtor fulfilled the requirements of § 1129(a). In re Friese, 103 B.R. 90, 91 (Bankr. S.D.N.Y. 1989). The plan proponent "bears the burdens of both introduction of evidence and persuasion that each subsection of section 1129(a) has been satisfied." In re Smith, 357 B.R. 60, 66 (Bankr. M.D.N.C. 2006) (quoting 7 Collier on Bankruptcy ¶ 1129.02 [4] (15th ed. rev. 2006)).

21. Confirmation of a Subchapter V plan is governed by a combination of certain subsections of §§ 1129 and 1191. Section 1191(a) provides that:

> The court shall confirm a plan under this subchapter only if all of the requirements of section 1129(a), other than paragraph (15) of that section, of this title are met.

See 11 U.S.C. § 1191(a).[1]

22. When compared against these requirements, the Amended Plan fails to provide sufficient contents, and with that confirmation must be denied.

**1. The Amended Plan Fails to Classify and Treat All Timely-Filed Claims.**

25. Under 11 U.S.C. §§ 1123(a)(1), the Debtor must designate classes of claims, other than claims listed in sections 507(a)(2), 507(a)(3), or 507(a)(8), and classes of interests. Under 11 U.S.C. §§ 1123(a)(2), (3), (4), the Debtor must indicate whether the classes are unimpaired or impaired, treatment thereof and the source of funds used to pay claims.

[1] Also, §§ 1129(b), 1129(c), and 1129(e) do not apply under subchapter V. See 11 U.S.C. § 1181(a).

26. Here, the Debtor has not classified nor treated all of the timely-filed secured claims in the aggregate amount of $832,663.70. See Claims Register, Claim Nos. 1, 2, 3, 6, 7, 8, 9, 10, 11, 12, 17, 18, 21, 26, 27, 28, 31, 32, and 33. The Amended Plan proposes to repay the "post-petition arrears" of some secured creditors. The Amended Plan does not identify, classify nor treat the loans of secured creditors. The Debtor has not listed and has not treated the secured claim of First Citizens Bank & Trust Company in violation of 11 U.S.C. § 1129(a)(9). The Debtor has also not indicated whether these claims are unimpaired or impaired.

27. The Claims Register contains a priority tax claim filed by the Commonwealth of Pennsylvania in the amount of $3,648.72 for unpaid unemployment compensation taxes and penalties. See Claim No. 35. The Amended Plan does not treat the claim and does not satisfy section 1129(a)(9)(C).

28. The Debtor has also failed to classify and treat the equipment leases disclosed on Schedule G. Schedule G identifies one equipment lease with Financial Pacific Leasing and one equipment lease with Wells Fargo Vendor Financial Services. See ECF No. 36, Sch. G The Amended Plan states that it will reject all executory contracts and unexpired leases except for the Debtor's executory contracts and unexpired leases that have been assumed prior to the effective date of the Amended Plan or subject to a pending motion to assume. See Amended Plan, Section 6.01. Notwithstanding, the Amended Plan does not identify whether either lease has arrears and does not provide for payment under the lease agreements. The Amended Plan should not be confirmed until amended in compliance with sections 1123(a)(1)-(3) and 1129(a)(1).

29. The Amended Plan does not provide a process for objecting to claims and does not provide for an administrative bar date.

30. The Amended Plan does not provide for an alternative confirmation under section 1191(b), including the length of the Amended Plan, who will make the disbursements and who will file post-confirmation reports.

**2. The Amended Plan Does Not Comply with Section 1190.**

31. The Debtor's Exhibit B reflects the Debtor's projected income and expenses per construction job for March 2026, to purportedly demonstrate it can afford its proposed monthly Plan payment of $2,603.20. Id.

32. The Amended Plan lacks cash flow projections for the anticipated lifetime of the Plan to demonstrate feasibility. 11 U.S.C. § 1190(1)(c).

33. The Liquidation Analysis does not list all of the Debtor's assets, including significant accounts receivable. 11 U.S.C. § 1190(b).

**3. The Amended Plan Fails to Identify Insiders.**

34. Under section 1129(a)(5)(B), the Debtor must disclose any insider that will be employed or retained by the reorganized debtor, and the nature of any compensation. 11 U.S.C. § 1129(a)(5)(B). The Amended Plan does not disclose whether the Debtor's sole member, Jonathan Billiard, will have a role in the reorganized debtor and his proposed compensation. The Amended Plan is not confirmable because the Debtor has not complied with section 1129(a)(5).

**CONCLUSION**

35. As detailed above, the Amended Plan cannot be confirmed because it does not identify, classify and treat all claims, does not include a liquidation analysis and cash flow projection, and cannot demonstrate that the Amended Plan is feasible.

36. The U.S. Trustee leaves the Debtor to its burden and reserves any and all rights, remedies, and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify

this Objection, file an appropriate Motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

**WHEREFORE,** the U.S. Trustee respectfully requests that the Court deny confirmation of the Amended Plan and grant such other relief as the Court deems just and proper.

Dated: August 17, 2026

Respectfully submitted,

ANDREW R. VARA,
UNITED STATES TRUSTEE,
REGIONS 3 & 9

By: /s/ *Rachel Wolf*
Rachel Wolf, Trial Attorney
Office of The United States Trustee
One Newark Center, Suite 2100
Newark, NJ 07102
Phone: (973) 645-3014
Rachel.Wolf@usdoj.gov